```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


OSCAR ARIEL LARA NUNEZ           :      CIVIL ACTION
                                 :
          v.                     :
                                 :
BRIAN MCSHANE, et al.            :      NO. 26-40
```

MEMORANDUM

Bartle, J.                                      January 22, 2026

      On January 6, 2026, Oscar Ariel Lara Nunez filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He filed a motion for a temporary restraining order the following day. He challenges the lawfulness of his detention at the Philadelphia Federal Detention Center by Immigration and Customs Enforcement ("ICE"). The Respondents are: Brian McShane, the acting Director of the Philadelphia Field Office of ICE's Enforcement and Removal Operations; Sirce Owen, the acting Director of the Executive Office of Immigration Review, Jamal Jamison, the Warden of the Philadelphia Federal Detention Center; Todd Lyons, the acting Director of ICE; Kristi Noem, the Secretary of the Department of Homeland Security; Pamela Bondi, the Attorney General of the United States; and the Department of Homeland Security. All individuals are sued in their official capacities.

Petitioner asks this court to issue a writ of habeas corpus requiring that Respondents immediately release him. In his motion for a temporary restraining order, he asks this court to enjoin Respondents from moving him outside the Eastern District of Pennsylvania and from detaining him under 8 U.S.C. § 1225(b)(2). He also seeks to compel his immediate release from Respondents' custody. This court has already ordered him not to be removed from this District pending further order of this court.

I

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). As stated by the Supreme Court in Preiser v. Rodriguez, 411 U.S. 475, 484 (1973), "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Id. Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). It is a core remedy for unlawful executive detention that is regularly invoked on behalf of noncitizens. Munaf v. Geren, 553 U.S. 674, 693 (2008); St. Cyr, 533 U.S. at 305. When reviewing the

legality of executive detention, its protections have been the strongest. St. Cyr, 533 U.S. at 301. Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

II

Petitioner is a citizen of Nicaragua where he was a licensed attorney. According to his petition, he was unable to practice law freely in his country because he was not a member of the political party of President Daniel Ortega. He then fled Nicaragua after years of threats and physical assaults.

Petitioner entered the United States without inspection on November 26, 2022. Officials from Customs and Border Patrol detained him upon entry into the United States presumably under 8 U.S.C. § 1226. Under § 1226(a), "an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [P]ending such a decision, the [alien] . . . may [be] release[d] . . . on bond . . . or . . . [on] conditional parole." 8 U.S.C. § 1226(a)(2). Petitioner appears to have been charged with being an inadmissible alien under 8 U.S.C. § 1182(a)(6)(A)(i) and was released on parole into the United States pursuant to 8 U.S.C. § 1182(d)(5)(A). Section 1182(a)(6)(A)(i) states that an alien present in the United States without being previously admitted or paroled is ineligible to be admitted to the United

States.  Id.  Section 1182(d)(5)(A) allows for discretionary parole into the United States "under such conditions as [the Department of Homeland Security] may prescribe only on a case-by-case basis for urgent humanitarian reasons.  Id. § 1182(d)(5)(A).  The Department of Homeland Security did not serve Petitioner or the Immigration Court with a Notice to Appear.  Thus, he was not in previous immigration proceedings until he filed a timely application for asylum on November 10, 2023.

Petitioner has resided in the United States since November 27, 2022.  Up until his recent detention, he lived in Philadelphia, Pennsylvania with his long-term partner.  He has three children who live in Nicaragua.  He maintains that he has family, friends, and other extended family in the United States and does not have a criminal record.

On January 5, 2026, Petitioner attended an ICE check-in when he was arrested by ICE officers.  He was transferred to the Federal Detention Center in Philadelphia where he is currently detained.  Once in custody, his detention was continued without an opportunity to post bond or be released on other conditions.

ICE took the action it did based on its new policy position that non-citizens residing in the interior of the United States are subject to 8 U.S.C. § 1225(b)(2)(A)

proceedings.  Section 1225(b)(2)(A) provides: "[I]n the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a [removal] proceeding."  Id. § 1225(b)(2)(A).  Those detained pursuant to § 1225(b)(2)(A) are not entitled to a bond hearing before an immigration judge during their removal proceedings.  Jennings v. Rodriguez, 583 U.S. 281, 288 (2018).  Respondents take the position that Lara Nunez is subject to mandatory detention do as a result of a series of precedential decisions by the Board of Immigration Appeals that finally culminated in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025).

Petitioner argues that Matter of Yajure Hurtado is contrary to law and that the government has unlawfully determined that he was subject to mandatory detention.  He argues that § 1225(b)(2)(A) does not apply to individuals like himself who are already in the country pending the outcome of removal proceedings.  Instead, he alleges he should be subject to 8 U.S.C. § 1226(a) proceedings.

III

In recent months, district courts throughout the country have addressed the issues raised by Petitioner in this case repeatedly and exhaustively and granted habeas relief.  See

-5-

Kobilov v. O'Neill, No. 26-58, 2026 WL 73475, at *2 (E.D. Pa. Jan. 8, 2026) (Rufe, J.).  As the undersign has previously noted, there appears to have been over 300 decisions overall. Sharapov v. O'Neill, No. 26-38, 2026 WL 146668, at *2 (E.D. Pa. Jan. 20, 2026).  A significant number have been filed and continued to be filed in the Eastern District of Pennsylvania. Id.; see also Diallo v. Bondi, No. 25-7421, 2026 WL 36534, at *2-4 (E.D. Pa. Jan. 6, 2026) (Rufe, J.).  In three of these cases, the undersigned previously granted similar habeas petitions.  See Sharapov, 2026 WL 146668, at *4; Garcia-Zamora v. Jamison, No. 25-6656, 2025 WL 3642088, at *4 (E.D. Pa. Dec. 16, 2025); Anirudh v. McShane, No. 25-6458, 2025 WL 3527528, at *6 (E.D. Pa. Dec. 9, 2025).  The court incorporates by reference its Memoranda in these cases.

The government invokes the same procedural arguments here as it did in Anirudh, Garcia-Zamora, and Sharapov.  It argues that this court lacks jurisdiction based on 8 U.S.C. §§ 1252(g), 1252(b)(9), and 1252(a)(2)(B)(ii).  As in these cases, the court finds that § 1252 does not oust the court of jurisdiction.  See Sharapov, 2026 WL 146668, at *2-3; Garcia-Zamora, 2025 WL 3642088, at *3; Anirudh, 2025 WL 3527528, at *2-4.  Lara Nunez is not challenging the government's commencement of removal proceedings but rather the legality of his detention.  See 8 U.S.C. § 1252(g); see also Anirudh, 2025

WL 3527528, at *3.  His claims are collateral to the removal process.  See 8 U.S.C. § 1252(b)(9); see also Anirudh, 2025 WL 3527528, at *3.  Finally, respondents' statutory detention power is "not a matter of discretion" to which § 1252(a)(2)(B)(ii) applies.  See Amriev v. Rose, No. 26-85, 2026 WL 92285, at *2 (E.D. Pa. Jan. 13, 2026).

Accordingly, for the reasons more fully stated in Anirudh, the court has jurisdiction.  Anirudh, 2025 WL 3527528, at *2-4.

IV

The government argues that the petition also fails on the merits.  As in the litany of previous cases, including Anirudh, Garcia-Zamora, and Sharapov, it asserts that under § 1225(b)(2)(A), Lara Nunez qualifies as an alien who is "applicant for admission" and thus subject to mandatory detention until a removal proceeding for him has concluded.  See Sharapov, 2026 WL 146668, at *3; Garcia-Zamora, 2025 WL 3642088, at *3-4; Anirudh, 2025 WL 3527528, at *4-5.  The government's position is without merit.

Section 1225(b)(2)(A) proceedings require mandatory detention while a noncitizen's removal proceedings are pending and the noncitizen may be released only "for urgent humanitarian reasons or significant public benefit."  Jennings, 583 U.S. at 288.  To trigger § 1225(b)(2)(A), an examining immigration

officer must determine that the person is: (1) an "applicant for admission"; (2) "seeking admission"; and (3) "not clearly and beyond a doubt entitled to be admitted."  8 U.S.C. § 1225(b)(2)(A).  These are separate requirements, all of which must be met for Section 1225(b)(2)(A) to apply.  See Anirudh, 2025 WL 3527528, at *5.

As more fully explained in Anirudh, this court rejects the government's interpretation of § 1225(b)(2)(A) that conflates "applicant for admission" and "seeking admission" under Matter of Yajure Hurtado.  29 I&N Dec. at 222-24; Anirudh, 2025 WL 3527528, at *5; see also Sharapov, 2026 WL 146668, at *3.  This interpretation disregards the plain meaning of Section 1225(b)(2)(A) and violates the rule against surplusage of statutory language.  Anirudh, 2025 WL 3527528, at *5.  The language "seeking admission" in § 1225(b)(2)(A) references only noncitizens who are just arriving or have recently arrived in the country.  Id.

At the time of his arrest in January 2026, Petitioner had been present in this country for over three years and was not at that point "seeking admission," that is seeking "lawful entry," into the United States.  See 8 U.S.C. § 1101(a)(13)(A); Anirudh, 2025 WL 3527528, at *5.

Section 1226(a), in contrast to Section 1225, establishes a discretionary detention framework for noncitizens

-8-

already in the country who are arrested and detained "[o]n a warrant issued by the Attorney General." 8 U.S.C. § 1226(a); see also Anirudh, 2025 WL 3527528, at *5. It allows noncitizens subject to removal proceedings to be released on conditional parole. 8 U.S.C. § 1226(a)(2)(B); see also Gomes v. Hyde, No. 25-11571, 2025 WL 1869299, at *2 (D. Mass. July 7, 2025). The framework entitles noncitizens to a bond hearing at the outset of any detention. See 8 C.F.R. §§ 1003.19(a), 1236.1(d).

Petitioner entered the country on November 26, 2022. He was shortly thereafter detained and released a day later on discretionary parole. Since 2022, he has resided in the country. The detention of noncitizens like Petitioner who have been long-present in the United States is governed by the discretionary framework of § 1226(a).

Lara Nunez appears to have been initially paroled into the country under 8 U.S.C. § 1182(d)(5) which is granted "only on a case-by-case basis for urgent humanitarian reasons or significant public benefit." Id. § 1182(d)(5)(A); see Sharapov, 2026 WL 146668, at *3. As in Sharapov, the court concludes that being released on parole under this provision does not impact his right to habeas relief. Sharapov, 2026 WL 146668, at *3. In factually similar cases within this district, two of my colleagues found that noncitizens, who were paroled under § 1182(d)(5), were illegally detained without a bond hearing.

-9-

See Francois v. Noem, No. 25-7334, 2026 WL 27565, at *3 (E.D. Pa. Jan. 5, 2026); Rios Porras v. O'Neill, No. 25-6801, 2025 WL 3708900, at *1 (E.D. Pa. Dec. 22, 2025).  Additionally, courts around the country have also found noncitizens who were paroled under § 1182(d)(5) are not subject to mandatory detention if they have been residing within the country for years.  See Francois, 2026 WL 27565, at *3.

       Petitioner's detention without the opportunity for a bond hearing violates the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq.  Since his mandatory detention violates federal law, the court need not address his claim that due process has been violated.

V

       The court will issue a writ of habeas corpus requiring that Respondents release Petitioner because his mandatory detention violates the Immigration and Nationality Act.  The court also declares his current detention unlawful.  Because the court has granted the writ of habeas corpus, the court will deny Petitioner's motion for a temporary restraining order as moot.